**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

M. RANDY RICE,                                                                    PLAINTIFF
as Chapter 7 Trustee

v.                                        No. 4:11MC00001 JLH

LUKEN COMMUNICATIONS, LLC;
and HENRY G. LUKEN, III                                                          DEFENDANTS

## OPINION AND ORDER

Defendants Luken Communications, LLC, and Henry G. Luken, III, filed a demand for a jury

trial and a motion to withdraw the reference of this matter to the bankruptcy court.   Luken

Communications and Henry Luken are defendants in an adversary proceeding brought by the

bankruptcy trustee seeking to recover assets of the debtor which allegedly were fraudulently

conveyed by Luken Communications and Henry Luken.   Luken Communications and Henry Luken

have not made a claim in the bankruptcy estate.   They have not voluntarily submitted to the

jurisdiction of the bankruptcy court.  They have made a timely demand for a trial by jury.  They have

also moved the Court to withdraw the reference.

The Bankruptcy Code provides, "If the right to a jury trial applies in a proceeding that may

be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the trial if

specially designated to exercise such jurisdiction by the district court and with the express consent

of all the parties."  28 U.S.C. § 157(e).  *See also* Fed. R. Bankr. P. 9015(b) and Local Bankruptcy

Rule 9015.1.  The Supreme Court has held that a person who has not submitted a claim against a

bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an

allegedly fraudulent monetary transfer.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct.

2782, 106 L. Ed. 2d 26 (1989).

These authorities indicate that Luken Communications and Henry Luken are entitled to a jury trial and that the bankruptcy judge can conduct the jury trial only by consent of all the parties. Luken Communications and Henry Luken do not consent to having the bankruptcy judge preside over the jury trial, and they are within their rights to withhold the consent.

The fact that the bankruptcy judge is not authorized to conduct a jury trial without the consent of the parties does not, however, require immediate withdrawal of the reference. The Court can "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of jury selection and trial." *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993). *See also In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007); *In re Contemporary Indus. Corp.*, 2002 WL 32625253, *3 (D. Neb. May 1, 2002). Whether to withdraw the reference immediately or defer the withdrawal of the reference and designate the magistrate to conduct pretrial proceedings is a pragmatic decision that the district court may make based upon questions of efficient case administration. *Stansbury*, 13 F.3d at 128.

In this instance, the bankruptcy court can administer the case far more efficiently than can the district court due to the bankruptcy court's familiarity with the estate of the debtor and the history of the proceedings. Moreover, the bankruptcy court can coordinate the pretrial proceedings with other matters that may involve the debtor, whereas the district court cannot do so. Therefore, the Court will withdraw the reference for purposes of conducting the jury trial in this case but will defer withdrawing the reference until the bankruptcy court certifies that the action is ready for jury trial.

The motion to withdraw the reference is therefore GRANTED IN PART and DENIED IN PART. Document #2. Insofar as Luken Communications, LLC, and Henry G. Luken, III, are requesting immediate withdrawal of the reference, that motion is denied. Insofar as Luken

Communications, LLC, and Henry G. Luken, III, are requesting that the reference be withdrawn for purposes of presiding over the jury trial, the motion is granted.  The Court designates the bankruptcy court to conduct all pretrial proceedings.  When the matter is ready for jury trial, the bankruptcy court should notify the district court, and the district court will then enter an order withdrawing the reference and scheduling the case for trial by jury in the district court.

IT IS SO ORDERED this 3rd of February, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE